UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

|  |  |
|---|---|
| L.O. and B.O on behalf of R.O., <br><br> Plaintiffs <br><br> v. <br><br> Evansville Vanderburgh School Corporation <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:25-cv-00007-MPB-CSW <br> ) <br> ) <br> ) <br> ) |

**ORDER ON CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

      A.     L.O. and B.O on behalf of R.O.

           Catherine M. Michael, Esq.
           Connell Michael, LLP
           550 Congressional Ave.,
           Suite 350-11 Carmel, IN 46032.
           (317) 343-4482
           Catherine@connellmichaellaw.com

           Tammy Meyer, Esq
           Attorney at Law
           Metzger Rosta LLP
           32 S. 9th Street
           Noblesville, Indiana 46060
           317-703-2170
           tammy@metzgerrosta.com

           Benjamin J. Hinerfeld, Esq., *pro hac vice*.
           Law Office of Benjamin J. Hinerfeld
           9 Stoddard Street Plymouth, MA 02360
           (215) 694-7432
           Ben@hinerfeldlaw.com

    Dorene Philpot, Esq.
    Philpot Law Office, PLLC
    275 Bristol Lane, Livingston, Texas 77351
    (281) 989-2010
    Fape4kids@gmail.com

 B. Patrick A. Shoulders
    Robert L. Burkart
    Reid P. Lorey
    Ziemer Stayman Weitzel & Shoulders
    20 NW First Street
    PO Box 916
    Evansville, IN 47706
    812-424-7575
    pshoulders@zsws.com
    rlorey@zsws.com
    rburkart@zsws.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.** **Jurisdiction and Statement of Claims**

 A. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under Federal law, including the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(2) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794.

 B. Plaintiffs appeal portions of the decision of Indiana Independent Hearing Officer (IHO), dated December 15, 2024. They seek reversal, correction, or remand of those determinations by the IHO that represent mistakes of law or fact, amount to arbitrary determinations, or fail to order necessary remedies upon the finding of substantive violations of the IDEA. Plaintiffs further request attorneys' fees related to the underlying action and the instant action pursuant to 20 U.S.C. §1415(i)(3).

 C. Defendant contends that the IHO did not err, that her decision should be affirmed, and that Plaintiffs are not entitled to attorney's fees. Defendant also asserts a counterclaim against Plaintiffs for attorney's fees and costs Defendant incurred in Plaintiff's conduct in causing undue delay and needlessly increasing the cost of litigation at the administrative level, as authorized under 511 IAC 7-45-11.

**III.** **Pretrial Pleadings and Disclosures**

 A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before May 1, 2025. Plaintiff shall file a complete copy of the administrative record in this case on or before May 13, 2025.

  C.  Parties do not anticipate filing motions for leave to amend the pleadings and/or to join additional parties. However, any such motions shall be filed on or before June 13, 2025.

  E.  Plaintiff(s) do not anticipate serving Defendant(s) a statement of special damages.

  F.  The Parties do not anticipate introduction of additional expert evidence, either through reports or deposition testimony.

  G.  The Parties do not anticipate introduction of additional expert evidence, either through reports or deposition testimony.

  H.  The Parties do not anticipate introduction of additional expert evidence, either through reports or deposition testimony.

  I.  Because the parties intend to file motions for summary judgment (judgment on the existing administrative record), and do not believe a trial is required, they do not believe it is necessary to file or serve witness and exhibit .

  J.  Neither party believes that bifurcation of discovery and/or trial is necessary.

  K.  <u>Discovery of electronically stored information ("ESI")</u>.  Given the review of an administrative hearing order, the parties do not anticipate substantive discovery.

## IV. <u>Discovery[1] and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Yes. This case involves judicial review of an administrative hearing under the IDEA, in which the administrative record already exists. The parties believe that the case will be appropriate for cross-motions for summary judgment.

**Plaintiffs' Statement:** Administrative reviews of IDEA Due Process hearing decisions are generally conducted through motions for judgment on the administrative record. While courts often style these Motions for Summary Judgment, common practice under the IDEA is for the parties to cite to the administrative record in briefs, responses and replies. Traditional "statements of Material Facts Not in Dispute," as discussed in L.R. 56-1(a), are not suited to IDEA appeals because the Court conducts an independent review of the record, giving due deference to aspects of the IHO's decisions, and reaches an independent judgment.

*See, e.g., Mt. Vernon Sch. Corp. v. A.M.*, No. 1:11-cv-637-TWP-TAB, 2012 U.S. Dist. LEXIS 122918, at *11 (S.D. Ind. July 10, 2012) ("'When reviewing a motion for summary judgment under the IDEA, which is the procedural vehicle for asking a court to decide the case based on the administrative record, the Court does not apply the traditional summary judgment standard, yet the statutory directive to rule based on the 'preponderance of the evidence' also removes the Court from the usual familiar territory of judicial review of administrative decisions.' *Stanley C. v. M.S.D. of Sw. Allen Cnty. Schs.*, 628 F. Supp. 2d 902, 920 (N.D. Ind. 2008) (citing *Evanston Cmty. Consol. Sch. Dist. No. 65 v. Michael M.*, 356 F.3d 798, 802 (7th Cir. 2004); *Todd v. Duneland Sch. Corp.*, 299 F.3d 899, 904 (7th Cir. 2002)). 'The district court must confer due weight to the final decisions of the state administrators and cannot substitute its own notions of sound educational policy for those of the school authorities.' *Butler v. Evans*, 225 F.3d 887, 892 (7th Cir. 2000).").

**Defendant's Statement:** Defendant anticipates filing a motion for summary judgment on the grounds that the hearing officer did not err, that Plaintiff was not a prevailing party, and that Defendant is entitled to certain attorney's fees and related costs due to Plaintiff causing undue delay and needlessly increasing costs at the administrative level.

B. Plaintiffs do not believe IDEA appeals require filing of a statement of the claims or defenses they intend to prove at trial, given that IDEA appeals do not generally result in a trial.

C. Select the track that best suits this case:

Track 2: The parties have agreed to the following proposed briefing schedule for Plaintiffs' motion for Summary Judgment:

4

- Plaintiffs opening brief : July 21, 2025
- Defendant's response: August 29, 2025
- Plaintiffs' reply: September 15, 2025.

### V.     Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.

The parties recommend a settlement conference in early June 2025.

### VI.    Trial Date

The parties agree that no trial date is expected at this time given that judicial review of administrative decisions is resolved on expected summary judgment motions.

### VII.   Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

### VIII.  Required Pre-Trial Preparation

A. Not applicable

### IX.    Other Matters

The deadlines herein may be amended upon good cause.

CONNELL MICHAEL, LLP

*/s/ Catherine M. Michael*
Catherine M. Michael
550 Congressional Blvd., Suite 350-11
Carmel, IN 46032
T: 317.343.4482
catherine@connellmichaellaw.com
*Counsel for Plaintiffs*

LAW OFFICE OF BENJAMIN HINERFELD

*/s/ Benjamin J. Hinerfeld*
Benjamin J. Hinerfeld
1528 Walnut Street, Suite 1100
Philadelphia, PA 19102
T: 215.694.7432
ben@hinerfeldlaw.com
Counsel for Plaintiffs

METZGER ROSTA LLP

*/s/ Tammy J. Meyer*
32 S. 9th Street
Noblesville, IN 46060
T: 317.219.4606
Counsel for Plaintiffs

PHILPOT LAW OFFICE PLLC

*/s/ Dorene J . Philpot*
Dorene J. Philpot
275 Bristol Lane
Livingston, TX 77351
T: 281.989.2010
Fape4kids@gmail.com
Counsel for Plaintiffs

ZIEMER STAYMAN WEITZEL &
SHOULDERS LLP

*/s/ Reid Lorey*
Patrick A. Shoulders
Reid Lorey
Robert L. Burkart
20 NW First Street PO Box 916
Evansville, IN 47706
T: 812.424.7575
pshoulders@zsws.com
rlorey@zsws.com
rburkart@zsws.com
Counsel for Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON **APRIL 3, 2025,** FOR AN INITIAL PRETRIAL CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| X | A **TELEPHONIC STATUS CONFERENCE** IS SET IN THIS CASE FOR **June 9, 2025**, AT **9:30 A.M., (CST),** BEFORE MAGISTRATE JUDGE CRYSTAL S. WILDEMAN. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| X | PROPOSED BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT:<br><br>PLAINTIFFS OPENING BRIEF: **JULY 21, 2025.**<br><br>DEFENDANT'S RESPONSE: **AUGUST 29, 2025.**<br><br>PLAINTIFFS' REPLY: **SEPTEMBER 15, 2025.** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: April 3, 2025

_Crystal S. Wildeman_
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to ECF registered counsel of record.